# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
GUARDIANSHIP OF THE PERSON
AND ESTATE OF CHARLES E.
VANDERMARK, A PROTECTED
PERSON.

No. 75600

WASHOE COUNTY PUBLIC
GUARDIAN,
Appellant,
vs.
VA-SIERRA NEVADA HEALTHCARE
SYSTEMS; AND CHARLES E.
VANDERMARK,
Respondents.

**FILED**

JUL 3 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a petition for guardianship. Second Judicial District Court, Family Court Division, Washoe County; Frances Doherty, Judge.

### *FACTS AND PROCEDURAL HISTORY*

This is an appeal from a district court order appointing appellant Washoe County Public Guardian (WCPG) as respondent Charles Vandermark's guardian. The WCPG argues that it cannot provide guardian services to Vandermark because he is not a resident of Washoe County. Respondent VA-Sierra Nevada Healthcare Systems, operated by the U.S. Department of Veterans Affairs (VA), and Vandermark argue that after the VA transported Vandermark to Reno for treatment, he displayed the requisite intent to qualify him as a resident of Washoe County under NRS 253.200(9).

19-32053

The underlying issue arose after the VA transported Vandermark, an 85-year-old homeless veteran, from California into Nevada for medical services. Vandermark displayed signs of dementia while recovering from an automobile accident in Truckee, California. He was discharged from a Truckee hospital into the care of the VA, and the VA brought him to the geographically closest VA hospital, which is in Reno. After Vandermark obtained a prescription refill at the VA's Traveling Veteran Refill Clinic, the VA arranged for him to stay in a hotel room for one night and then, because he appeared to be competent to care for himself, arranged for him to remain in temporary housing. After one week, the VA determined that Vandermark's mental competence had deteriorated and he should be admitted into a VA locked facility, where he has resided since November 2016. In August 2017, the VA petitioned the district court to appoint the WCPG as Vandermark's guardian to make decisions regarding his care, asserting he is incapable of making those decisions himself. The district court granted the appointment.

On appeal, WCPG argues that Vandermark never had the requisite intent as required by NRS 253.200(9) to stay in Washoe County for an indefinite period of time and therefore he did not meet the statutory qualifications to have WCPG appointed as his guardian.

## DISCUSSION

### County of Residence

WCPG argues that the district court erred in appointing it as Vandermark's guardian because he is not a resident of Washoe County and thus it cannot provide guardianship services for him under NRS 253.200. The district court's interpretation and construction of a statute presents a question of law that is reviewed de novo. *Zohar v. Zbiegien*, 130 Nev. 733,

SUPREME COURT
OF
NEVADA

(O) 1947A

737, 334 P.3d 402, 405 (2014). If a statute is clear on its face, the court will not look beyond the plain meaning. *Id.*

A person must be a resident of the county whose public guardian will be appointed as his or her guardian. NRS 253.200(2). A county of residence is defined as "the county to which the person moved with the intent to reside for an indefinite period," NRS 253.200(9)(a), except that "[t]he county of residence of a person placed in institutional care is the county that was the county of residence of the person before the person was placed in institutional care by a guardian or agency or under power of attorney," NRS 253.200(9)(b).

We conclude Vandermark intended to reside for an indefinite period in Washoe County as required by NRS 253.200(9)(a) when he remained in Washoe County after his prescription refill at the VA clinic. We note that there is not a durational requirement in this statute. Although the VA provided Vandermark a hotel room and temporary housing, he was free to leave Washoe County at any time prior to his admittance into the VA locked facility. This acceptance of housing and remaining in Washoe County is sufficient evidence that he "inten[ded] to reside" in Washoe County "for an indefinite period." Furthermore, because Vandermark was not immediately placed in institutional care when he arrived in Washoe County, the exception in NRS 253.200(9)(b) does not apply.

We need not look beyond the plain meaning of the statute, as NRS 253.200 is clear on its face. Based on the facts presented in this matter, we hold that Vandermark satisfied the residency requirement of NRS 253.200(9). The district court therefore did not abuse its discretion

when it concluded that Vandermark was eligible for guardianship and granted Vandermark the services of the WCPG.

*Home State*

WCPG also argues that the district court should not have assumed personal jurisdiction over Vandermark because Nevada was not his home state. We conclude Vandermark's home state is Nevada as he was physically present in Nevada for more than six consecutive months immediately before the filing of the petition for guardianship, and thus the district court correctly held it had jurisdiction over this guardianship case. NRS 159.018 (stating that "'home state' means the state in which the proposed protected person was physically present for at least 6 consecutive months . . . immediately before the filing of a petition for the appointment of a guardian"). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                           Hardesty

_____, J.          _____, J.
Parraguirre                         Stiglich

_____, J.          _____, J.
Cadish                              Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Frances Doherty, District Judge, Family Court Division
Washoe County District Attorney/Civil Division
Washoe Legal Services
Law Office of Justin Patrick Stovall
Second Judicial District Court Clerk